UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

MARY H.                                                                                           Plaintiff

v.                                                                    Civil Action No. 3:24-cv-045-RGJ-CHL

COMMISSIONER OF SOCIAL SECURITY                                                     Defendant

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Mary H.[1] ("Mary") filed this action seeking review of the denial of disability benefits and supplemental security income by Defendant Commissioner of Social Security ("Commissioner"). [DE 1]. The case was referred to United States Magistrate Judge Colin Lindsay who issued Findings of Fact, Conclusions of Law and Recommendation ("R&R") that the Commissioner's decision be affirmed. [DE 20]. Mary timely filed objections. [DE 21]. The Commissioner responded [DE 22], and Mary did not reply. This matter is ripe for adjudication. For the reasons below, the Court **OVERRULES** Mary's Objections [DE 21], and **AFFIRMS** Magistrate Judge Lindsay's R&R without modification [DE 20].

**I.      BACKGROUND**

The R&R accurately sets forth the factual and procedural background and is incorporated by reference. [DE 20 at 993-98]. Mary does not object to the factual record set forth by the Magistrate Judge. [*See* DE 21]. In sum, on October 28, 2020, Mary applied for disability insurance benefits ("DIB") under Title VII. [DE 9 at 63]. After the Commissioner denied her claim and on reconsideration, Mary appeared before Administrative Law Judge ("ALJ") Lyle Eastham. [*Id*. at 151, 162].

---

[1] Pursuant to General Order 23-02, the Plaintiff in this case is identified and referenced solely by first name and last initial.

1

The ALJ ruled against Mary. [*Id*. at 151-162]. The ALJ's evaluation of the five-step process outlined in 20 C.F.R. § 404.1520 concluded that Mary was not disabled, and therefore, not entitled to benefits. [*Id*. at 137]. Mary then requested an appeal to the Appeals Council, who vacated the ALJ's decision and remanded Mary's case to the ALJ for resolution of two issues: (1) while the ALJ had found Mary to have severe mental impairments and moderate limitations in interacting with others, the ALJ had included no corresponding interaction limitations in the description of Mary's residual functional capacity ("RFC"), and (2) while the ALJ had found Claimant to have severe impairments including irritable bowel disease, there had been no inclusion in Claimant's RFC of related limitations "such as time off task and/or access to [a] restroom." [*Id*. at 139-44].

On remand, the ALJ conducted another hearing regarding Mary's application. [DE 69-98]. Once again, the ALJ issued an unfavorable decision and found:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2026.

2. The claimant has not engaged in substantial gainful activity since December 31, 2019, the alleged onset date (20 CFR 404.1571 *et seq*.).

3. The claimant has the following severe impairments: inflammatory bowel disease (IBD), diverticulosis, gastroesophageal reflux disease (GERD), constipation issues, urinary issues, obesity, anxiety, depression, hypothyroidism, and remote history of thyroid cancer (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can frequently reach, handle, finger and feel with the bilateral upper extremities; can occasionally climb ramps but never stairs, ladders, ropes, or scaffolds. She can frequently balance (as defined in the SCO) and stoop, occasionally crouch and kneel, and never crawl. She must avoid frequent exposure to extreme cold, extreme heat, and vibrations. She can never work at unprotected heights and can never operate a motorized

2

    vehicle as a work requirement. Further, the claimant is limited to no fast-paced production rate work, such as the rate associated with hourly quotas or conveyor belt paced work. She can perform simple tasks and follow simple instructions. She can have frequent work-related contact with supervisors and coworkers, and occasional contact with the public.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on December 31, 1969, and was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 31, 2019, through the date of this decision (20 CFR 404.1520(g)).

[*Id*. at 43-63]. Again, the ALJ's application of the five-step process outlined in 20 C.F.R. § 404.1520 concluded that Mary was not disabled, and therefore, not entitled to benefits. [*Id*. at 63].

    Mary requested another appeal to the Appeals Council, which declined review, and the ALJ's decision became final. [*Id*. at 29]. Mary then sued to obtain judicial review of the Commissioner's decision. [DE 1].

    Mary made three objections to the ALJ's evaluation:

1. Plaintiff takes exception with the ALJ's finding number five, which addresses step four in the sequential evaluation process, and asserts that the RFC is not supported by substantial evidence because the ALJ failed to explain her omission of limitations to account for Plaintiff's irritable bowel syndrome in the RFC or in the dispositive hypothetical question, despite finding this impairment to be severe at Step 2 of the sequential evaluation process.

3

2. Plaintiff takes exception with the ALJ's finding number five and asserts that the ALJ committed legal error by failing to properly evaluate and explain his analysis of the opinion of Kay Corpus, M.D., who performed the agency's consultative physical evaluation.

3. Plaintiff takes exception with the ALJ's finding number five and asserts that the ALJ committed legal error by failing to properly evaluate and explain his analysis of the opinion of Kathryn Miller, Psy.D., who performed the agency's consultative psychological evaluation.

[DE 13 at 935]. After reviewing the record and relevant law, Magistrate Judge Lindsay found that the ALJ's decision was supported by substantial evidence and rejected Mary's arguments. [DE 20].

Mary now objects to Magistrate Judge Lindsay's findings in the R&R. [DE 21]. She objects to: (1) the focus on an overall substantial evidence analysis, (2) the finding of no error in the ALJ's rejection of the opinion of Dr. Corpus, (3) the rejection of Mary's argument that the ALJ's discussion of Dr. Miller's report was insufficient, and (4) the finding that the ALJ's decision is supported by substantial evidence. [*Id*. at 1014-18].

## II. STANDARD

Upon receiving an objection to a Magistrate Judge's R&R, this Court must "make a de novo determination of those positions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Courts may accept, reject, or modify any of the magistrate judge's findings or recommendations. *See id*. The Court's review, however, is "limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

Substantial evidence has been defined as "evidence as a reasonable mind might accept as adequate to support a conclusion." *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The threshold for substantial evidence is "not high" and is met so long as there is "more than a mere scintilla" of support. *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019). As such, when there is substantial evidence to support the ALJ's decision, this Court must defer to it, even if there is substantial evidence that would have supported making the opposite conclusion. *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

### III.   ANALYSIS
#### A. Mary's First Objection

Mary first argues that the Magistrate Judge erred by "focus[ing] on an overall substantial evidence analysis" when rather, she was alleging that 20 C.F.R. § 404.1520(a)(4)(i) or 20 C.F.R. § 404.1521 "highlight[ed] the ALJ's unexplained internal inconsistency." [DE 21 at 1015-16]. In response, Commissioner contends that the omission of "restroom-related limitations in [Mary's] RFC, despite finding IBS to be severe, was not a blunder or an undetected oversight[,]" but rather "was intentional because the ALJ found, based upon the objective medical and other evidence, 'that no such limitations were necessary.'" [DE 22 at 1022 (citing DE 20 at 12)]. In other words, Commissioner asserts that there was no inconsistency. [*Id.* at 1023].

When the Magistrate Judge reviews the final decision of the Commissioner the review is limited to whether the Commissioner's findings are supported by "substantial evidence" and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Key*, 109 F.3d at 273. Generally, "Substantial evidence" means "more than a mere scintilla"; it means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

5

The crux of Mary's first objection is that the Magistrate Judge erred by "focus[ing] on an overall substantial evidence analysis[.]" [DE 21 at 1015]. The Sixth Circuit has held that the court must "affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would also have supported the opposite conclusion." *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 374 (6th Cir. 2013). Therefore, the correct standard for the Magistrate Judge to apply when analyzing the Commissioner's decision is the "substantial evidence" standard. *See id*.

In the R&R, the Magistrate Judge specifically addressed Plaintiff's argument as follows:

> Later in his RFC analysis, when discussing the opinion provided by Claimant's primary care provider that included restroom-related limitations such as the need to take unscheduled restroom breaks and additional breaks, the ALJ found the opinion unpersuasive. (Id. at 32.) He explained, "There is no support in Dr. Anderson's treatment notes for the level of limitations opined to, which note very few gastroenterology complaints and little to no abnormalities on examinations . . . This opinion is also inconsistent with the record as a whole, which note[s] few complaints of diarrhea/constipation and pain and shows overall normal physical examination findings." (*Id.*)
>
> Claimant argued in her brief in relation to the ALJ's discussion of Dr. Corpus's opinion that his characterization of Claimant's treatment was inaccurate and "portray[ed] the record in this case in a false light." (DN 13, [at] 949.) But upon review of the record, the ALJ's statements and characterizations of the medical evidence of record appear consistent to the undersigned with the contents of the same. The undersigned cannot say that the ALJ selectively cited or otherwise mischaracterized the evidence of record in formulating Claimant's RFC.

[DE 20 at 1003-04]. As a result, the Magistrate Judge found that the "discussion of Dr. Anderson's opinion along with the ALJ's explanatory paragraph discussed above sufficient to explain that the absence of restroom-related limitations in Claimant's RFC was intentional based on the ALJ's belief that no such limitations were necessary. And the ALJ supported this conclusion with substantial evidence from the record." [*Id*. at 1004]. And based on this Court's review, the Magistrate Judge did not err in applying a substantial evidence analysis when reviewing the Commissioner's decision. Therefore, Mary's first objection is overruled.

### B. Mary's Second Objection

Second, Mary objects to the recommended finding of "no error in the ALJ's rejection of the opinion of Dr. Corpus," and the associated recommendation that "the ALJ adequately explained how the factors of supportability and consistency lead one to find [Dr. Corpus's] opinion is unpersuasive." [DE 21 at 1016]. Commissioner argues that this objection is "merely restat[ing], in some instances almost verbatim, [ ] the arguments and cases that [Mary] raised in her initial brief." [DE 22 at 1023]. The Court agrees.

Mary's second objection to the R&R identical to the argument made in her initial challenge of the ALJ's finding and does not explain or identify with specificity how the Magistrate Judge erred. [*Compare* DE 13 *with* DE 21]. In fact, most off her second objection to the R&R summarizes her issues with the ALJ's decision, which she already presented to the Magistrate Judge. [DE 21 at 1016]. Mary's objection to the Magistrate Judge says, in relevant part, "Plaintiff takes exception with the ALJ's finding number five and asserts that the ALJ committed legal error by failing to properly evaluate and explain his analysis of the opinion of Kay Corpus, M.D., who performed the agency's consultative physical evaluation." [DE 13 at 945]. Comparatively, Mary's objection to the R&R is that she objects to the recommended finding of "no error in the ALJ's rejection of the opinion of Dr. Corpus." [DE 21 at 1016].

An "objection . . . that merely reiterates arguments previously presented, does not adequately identify alleged errors on the part of the magistrate judge." *Altyg v. Berryhill*, No. 16-11736, 2017 WL 4296604, at *1 (E.D. Mich. 2017) (citing *Howard*, 932 F.2d at 509) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless."). Without any specific objection to the R&R, this

7

Court's "attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless. The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks." *Howard*, 932 F.2d at 509.

Therefore, Mary's repetition of the arguments made in her initial challenge of the ALJ's decision cannot qualify as objections. Likewise, Mary has failed to directly address any specific error in the R&R or raise a proper objection to this issue because she fails to identify any evidence that the Magistrate Judge failed to consider, or any error of law contained within the R&R. *See* 28 U.S.C. § 636(b)(1). Thus, the Court need not review *de novo* the Magistrate Judge's report regarding Mary's second objection. *Ells v. Colvin*, No. 3:16-CV-00604-TBR, 2018 WL 1513674, at *2 (W.D. Ky. 2018). However, after reviewing the record, the Magistrate Judge did not err in concluding that the ALJ's findings were supported by substantial evidence and consistent with 20 C.F.R. § 404.1529. [*See* DE 20 at 1006-09]. Accordingly, Mary's second objection is overruled.

### C. Mary's Third Objection

Thirdly, Mary objects to the Magistrate Judge's findings regarding Dr. Miller because "the ALJ summarized the report of Dr. Miller and selectively chose to mention only those portions which supported [the ALJ's] conclusion." [DE 21 at 1018]. Mary further explains that the Magistrate Judge erred by "suggest[ing] that the District Court should conclude that the determination is supported by substantial evidence as there is little to no medical evidence in the record regarding the limitations raised by [Mary] outside of Dr. Miller's report." [DE 21 at 1017 (internal quotations and citations omitted)]. In response, Commissioner argues again that this objection is "merely restat[ing], in some instances almost verbatim, [ ] the arguments and cases that [Mary] raised in her initial brief." [DE 22 at 1023].

Like with Mary's second objection, Mary's third objection to the R&R's finding regarding the ALJ's decision, is identical to the argument made in her initial challenge of the ALJ's finding. [*Compare* DE 13 *with* DE 21]. Mary's objection to the Magistrate Judge states that "Plaintiff takes exception with the ALJ's finding number five and asserts that the ALJ committed legal error by failing to properly evaluate and explain his analysis of the opinion of Kathryn Miller, Psy.D., who performed the agency's consultative psychological evaluation." [DE 13 at 951]. Further comparing the two objections, both assert that the ALJ's discussion was insufficient to comply with the ALJ's obligations under 20 C.F.R. § 404.1520c. [*Compare* DE 13 at 952 *with* DE 21 at 1017]. And both objections argue that the ALJ "cherry-pick[ed]" parts of Dr. Miller's report. [DE 13 at 952; DE 21 at 1018]. In other words, both objections, at bottom, are the same regarding the ALJ's use of Dr. Miller's opinion.

Thus, like with Mary's second objection, Mary's repetition of the arguments made in her initial challenge of the ALJ's decision cannot qualify as objections, at this stage. Therefore, the Court need not review *de novo* the Magistrate Judge's report regarding Mary's third objection. *Ells,* 2018 WL 1513674, at *2. Nevertheless, based on this Court's review, the Magistrate Judge did not err in concluding that the ALJ's findings were supported by substantial evidence and consistent with 20 C.F.R. § 404.1529. [*See* DE 20 at 1009-12]. For these reasons, Mary's third objection is overruled.

### D. Mary's Fourth Objection

Lastly, Mary also objects to the recommended finding by the Magistrate Judge that "the [ALJ's] decision is supported by substantial evidence." [DE 21 at 1018]. Specifically, in full, Mary's objection states:

> The U.S. Magistrate Judge quotes *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) and recommends that the District Court find the decision is supported by substantial

9

> evidence. Dkt. No. 20 at 20. He suggests finding that the ALJ's analysis "more than surpasses the threshold for substantial evidence, which is 'not high.'" Dkt. No. 20 at 20. Plaintiff objects. This is not a case where a sympathetic treating source is counterbalanced by agency examiners; this is a case in which the ALJ rejects ***both*** the of the agency-chosen consultative examiners, with little to no contrary evidence. Even if there had been no legal error, the "low bar" for substantial evidence set by the U.S. Supreme Court in *Biestek* would nevertheless by unmet here. 587 U.S. at 103.

[DE 21 at 1018]. In response, Commissioner assert that Mary's objection is only "invit[ing] the Court to reweigh the evidence – a task which is impermissible." [DE 22 at 1023].

Mary is not raising a proper objection, as she fails to identify any evidence that the Magistrate failed to consider or any error of law contained with the R&R. Rather, her objection, only opines that the ALJ's rejected both agency-chosen consultative examiners, "with little to no contrary evidence." [DE 21 at 1018]. However, the ALJ was not required to do so. When making a determination, the ALJ is not bound by any particular medical opinion but should base a claimant's RFC on "all of the relevant medical and other evidence." *Paul v. Astrue*, 827 F. Supp. 2d 739, 745 (E.D. Ky. 2011) (quoting 20 C.F.R. § 404.1545)

The Magistrate Judge specifically addressed Mary's argument in the R&R. The Magistrate Judge's analysis stated, in relevant part:

> Based on the conclusions above, the Court finds that the ALJ's RFC determination was supported by substantial evidence. His analysis more than surpasses the threshold for substantial evidence, which is "not high." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting in part *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations. And whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." (internal citation omitted)). Claimant did nothing more than point to other evidence in the record she claimed supported an opposite conclusion to that reached by the ALJ. However, having found that his decision was supported by substantial evidence, this Court's role is not to second-guess the ALJ's conclusions. *Gayheart*, 710 F.3d at 374; *Smith*, 893 F.2d at 108; *Ulman v. Comm'r of Soc. Sec.,* 693 F.3d 709, 714 (6th Cir. 2012).

10

[DE 20 at 20]. And when reviewing the Administrative Record, this Court agrees with the decision of the Magistrate Judge, because the ALJ used substantial evidence to support the ALJ's decision, even though the ALJ did not use the evidence that Mary preferred. [*See* DE 9 at 45-63]; *see also Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013). Thus, Mary's fourth objection is overruled.

## CONCLUSION

Accordingly, the Court, having considered the parties' motions and related filings and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) Mary's Objections [DE 21] to the R&R are **OVERRULED**.

(2) The Report and Recommendation of the United States Magistrate Judge [DE 20] is **AFFIRMED** without modification as the findings of fact and conclusions of law of this Court.

March 25, 2025

Rebecca Grady Jennings, District Judge
United States District Court